IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY TERELL GOINS,<br><br>              Plaintiff,<br><br>vs.<br><br>FATHER FLANAGAN'S BOYS' HOME,<br><br>              Defendant. | 8:23-CV-477<br><br>MEMORANDUM AND ORDER |

The *pro se* plaintiff, Terry Terell Goins, sued the defendant, Father Flanagan's Boys' Home, for alleged defamation and employment discrimination. Filing 1. This matter is before the Court on the defendant's motion to dismiss for improper service of process. Filing 6. Goins did not respond to the motion. The Court will deny the motion and provide Goins until November 1, 2024, to effect service of process.

### I. STANDARD OF REVIEW

A *pro se* party is not excused from complying with the Federal Rules of Civil Procedure. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Rule 4 explains how to serve process to a defendant. Under Rule 12(b)(5), a defendant may challenge the mode of delivery, or the lack of delivery, of the summons and complaint. *See Holmes v. State of Neb.*, No. 8:21-cv-158, 2021 WL 4710343, at *5 (D. Neb. Oct. 8, 2021). The plaintiff has the burden to show that that there was sufficient process and service of process. *Id.* But dismissal is not invariably required where service is ineffective. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976). Rather, when a plaintiff fails to

properly serve process, the Court has the discretion to either dismiss the action or quash service and allow the plaintiff to re-serve the defendant. *Id.*; *see also Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994); *Lamb v. Bank of Am., N.A.*, 2012 WL 87146, at \*2 (E.D. Mo. Jan. 11, 2012); *Wagner v. McHugh*, No. 8:12-cv-174, 2013 WL 1148801, at \*2 (D. Neb. Mar. 19, 2013).

## II. DISCUSSION

The facts alleged in Goins' complaint are irrelevant to the defendant's motion. Procedurally, as relevant, Goins personally delivered the summons and complaint to Peggy Babcock at the defendant's place of business on October 31, 2023. Filing 4 at 2. Goins filed proof of this attempt days after he filed his complaint. *See* filing 4. Babcock works for the defendant as a legal administrator. Filing 8-1 at 1. The defendant's registered agent for service of process is the CSC-Lawyers Incorporating Service Company, located in Lincoln, Nebraska. Filing 8-1 at 3.

According to the defendant, Goins' attempted service was ineffective because he personally served the summons to a person who was not authorized by law to receive it. *See* filing 6. It's true that only a person "who is at least 18 years old *and not a party* may serve a summons and complaint." Rule 4(c)(2) (emphasis supplied). The plaintiff is a party to this case, and so he is not authorized to serve the summons on the defendant. Additionally, it's clear that Babcock was not a person authorized to accept the summons on behalf of the defendant. *See* filing 8-1 at 1; Rule 4(h); Neb. Rev. Stat. § 25-509.01. The Court agrees that Goins' attempted service was improper.

Goins promptly filed the proof of service after he filed his complaint. *See* filing 4. Even though he did not respond to the defendant's motion, the Court sees his effort to serve process as a good faith attempt to comply with the rules,

2

and the defendant has not argued that it was somehow prejudiced by the improper service (nor is such prejudice conceivable). See *Wagner,* 2013 WL 1148801, at *2 (quoting *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996)); *Lujano,* 30 F.3d at 1035.

Upon careful consideration, the Court will not dismiss Goins' complaint. Rather, on the Court's own motion, Goins will have one more chance to effect service on the defendant.[1] Goins must serve the defendants in accordance with Rules 4(c)(2) and 4(h), meaning someone other than a party to this case must deliver the summons and complaint to a person or entity listed in filing 8-1 at 3. Failure to properly serve the defendant before November 1, 2024, will result in the dismissal of Goins' claims. Accordingly,

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 6) is denied without prejudice to reassertion.

2. Goins shall have until November 1, 2024, to effect service of

---

[1] Dismissal for improper service may be warranted where allowing a plaintiff to re-serve a defendant would be futile. For example, a court may opt not to allow a plaintiff to re-serve if the court lacks personal jurisdiction over the defendant, or if the plaintiff's complaint fails to state a claim. See *Holmes,* 2021 WL 4710343, at *9; 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (4th ed.).

The defendant argues that the Court lacks personal jurisdiction solely because of the improper service. See filing 7 at 2. At this early stage of the proceeding, the plaintiff's complaint does not appear to be frivolous on its face. See filing 1. For these reasons, allowing the defendant another chance to serve process would not be futile, and the case should not be dismissed. See *Haley,* 529 F.2d at 79.

process on the defendant. Failure to properly serve the defendant within that time will result in the dismissal of his lawsuit.

3. The Court directs the clerk's office to set the following *pro se* case management deadline: November 1, 2024: Deadline for Goins to serve defendant.

Dated this 18th day of September, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge