FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 JAN 10 AM 11: 03
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY TERELL GOINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FATHER FLANAGAN'S BOYS HOME, ) <br> ) <br> Defendant. ) <br> ) | Case No. 8:23-cv-00477-JMG-MDN <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT** |

Plaintiff, Terry Terell Goins (hereinafter "Plaintiff"), appearing *Pro Se*, respectfully submits this Opposition to Defendant, Father Flanagan's Boys' Home's ("hereinafter Defendant") Motion to Dismiss Plaintiff's Complaint and Amended Complaint. Plaintiff incorporates all relevant counterarguments addressing the Defendant's claims under Rule 12(b)(6), the applicable legal standards, and the factual inaccuracies outlined in Defendant's Brief in Support. Additionally, Plaintiff draws upon and incorporates the detailed allegations and legal bases articulated in his Amended Complaint. For the reasons set forth below, Plaintiff asserts that Defendant's Motion is without merit and should be denied in its entirety.

## I. INTRODUCTION

Defendant's Motion to Dismiss is fundamentally flawed as it mischaracterizes both the substance of Plaintiff's claims and the governing legal standards. Plaintiff's claims, as articulated in both the Complaint and the Amended Complaint, are not only well-pleaded but also supported by detailed factual allegations that provide a plausible basis for relief under federal and state law. Defendant's arguments for dismissal fail to address the sufficiency of these allegations and instead rely on misinterpretations of applicable legal precedents and procedural standards.

1

At its core, this case involves a pattern of unlawful employment practices by Defendant, including discrimination, retaliation, defamation, and wrongful termination. These practices, as outlined in the Amended Complaint, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Nebraska Fair Employment Practice Act (NFEPA), and relevant common law principles. Plaintiff has meticulously detailed specific incidents of misconduct by Defendant's agents, including unwarranted scrutiny, dissemination of false and defamatory statements, and the creation of a hostile work environment intended to compel Plaintiff's constructive termination.

The claims asserted by Plaintiff are neither speculative nor conclusory. They are substantiated by concrete factual allegations and supported by legal precedent that reinforces their viability. Furthermore, the intertwined nature of Plaintiff's federal and state claims underscores the propriety of this Court's continued jurisdiction. Judicial economy, fairness, and consistency favor resolving these claims in a single forum.

As a matter of law, Defendant's motion fails to meet the stringent standard required under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's pleadings, when viewed in the light most favorable to him, establish a plausible entitlement to relief. For these reasons, and as elaborated further below, Defendant's Motion to Dismiss should be denied in its entirety.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss challenges the sufficiency of the plaintiff's allegations rather than the merits of the underlying claims. The purpose of Rule 12(b)(6) is to test the legal sufficiency of the claims asserted, not to weigh evidence or resolve factual disputes. See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To

withstand such a motion, the plaintiff's complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is plausible when the factual allegations, accepted as true, allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard is not akin to a "probability requirement," but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In assessing a motion to dismiss, courts must "accept all factual allegations in the complaint as true" and "draw all reasonable inferences in favor of the plaintiff." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). Moreover, courts may not dismiss a claim merely because it appears unlikely that the plaintiff will prevail. Instead, the question is whether the allegations are sufficient to state a claim under the applicable legal framework. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Dismissal is warranted only if it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The pleading standard articulated in Rule 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," which is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Courts have also emphasized that a complaint must be read in its entirety and in the light most favorable to the plaintiff. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The factual allegations need not be exhaustive but must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Claims grounded in discrimination, retaliation, or similar legal

3

theories must allege sufficient facts to support an inference of unlawful conduct but need not establish a prima facie case at the pleading stage. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

In the instant case, Plaintiff's allegations satisfy these standards. Plaintiff's Complaint and Amended Complaint provide detailed accounts of Defendant's conduct, including specific actions by its agents that resulted in discrimination, retaliation, defamation, and other violations of federal and state laws. These allegations, taken as true, clearly state plausible claims for relief and withstand Defendant's challenge under Rule 12(b)(6).

### III. LEGAL ARGUMENT

**A. Plaintiff's Complaint Sufficiently States a Claim for Relief**

*Detailed Factual Allegations Support Each Claim*

A Plaintiff's Complaint and Amended Complaint present detailed and well-supported allegations that, when accepted as true, substantiate Defendant's liability for discriminatory, retaliatory, and defamatory actions. The allegations demonstrate a deliberate and systematic course of misconduct by Defendant and its agents, including:

A. **Unwarranted Scrutiny and Hostile Work Environment:** Defendant's agents, including Kathryn Goins and Nathalie Hansen, subjected Plaintiff to heightened and unwarranted scrutiny under the guise of vague and baseless allegations. These actions, taken together, created a hostile work environment by isolating Plaintiff, subjecting him to unfair treatment, and undermining his professional reputation.

B. **Defamation Per Se**: Defendant's employees disseminated false and defamatory statements to third parties, accusing Plaintiff of engaging in improper conduct

4

without evidence. These statements were intentionally harmful, imputing moral and professional turpitude to Plaintiff and causing irreparable damage to his reputation.

C. **Retaliatory and Pretextual Termination:** Plaintiff's opposition to unlawful practices and his protected activity under Title VII and the ADA led directly to retaliatory actions by Defendant. Plaintiff was terminated under pretextual circumstances, following a campaign of targeted harassment and defamation that was intended to compel his resignation or justify his dismissal.

These allegations go beyond mere speculation or conclusory assertions. They are supported by specific factual narratives, including dates, names, and direct consequences, which collectively demonstrate a clear pattern of unlawful behavior by Defendant. Under the standards articulated in *Iqbal* and *Twombly*, these allegations are more than sufficient to survive a motion to dismiss.

## B. Plaintiff's Complaint Sufficiently States a Claim for Relief

Plaintiff's Complaint and Amended Complaint articulate specific factual allegations that, if accepted as true, demonstrate Defendant's liability for discriminatory, retaliatory, and defamatory actions. For example:

A. Plaintiff describes multiple instances of unwarranted scrutiny, including specific actions by Defendant's agents, such as Kathryn Goins and Nathalie Hansen, which contributed to a hostile work environment.

B. Defendant's agents disseminated false and defamatory accusations to third parties, directly damaging Plaintiff's reputation and professional standing.

5

C. Plaintiff's termination was not only pretextual but also retaliatory, following his opposition to unlawful employment practices.

These allegations meet the plausibility standard set forth in *Iqbal* and *Twombly* and are sufficient to withstand a Rule 12(b)(6) challenge.

### C. Legal Precedent and Case Law Affirm the Viability of Plaintiff's Claims

Defendant's Motion to Dismiss relies on an erroneous interpretation of the pleading standard and disregards relevant case law. Courts have consistently held that plaintiffs alleging discrimination or retaliation need not establish a prima facie case at the pleading stage. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). Instead, the plaintiff must provide factual allegations that give rise to a plausible inference of unlawful conduct, as Plaintiff has done here.

Moreover, courts have found that claims involving hostile work environments, defamation, and retaliation are inherently fact-intensive and not amenable to dismissal on the pleadings. See *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Plaintiff's allegations, which include detailed accounts of discriminatory treatment, defamatory statements, and retaliatory actions, are precisely the type of claims that warrant further factual development through discovery.

### D. Jurisdiction Over State Law Claims is Proper

Defendant's argument that this Court should decline supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3) is without merit. Plaintiff's federal claims under Title VII, the ADA, and other statutes remain viable, and the state

6

law claims share a common nucleus of operative fact with the federal claims. Specifically, the allegations of discrimination, retaliation, and defamation are intertwined, as they stem from the same series of events and involve the same actors within Defendant's organization.

Federal courts are vested with broad discretion to exercise supplemental jurisdiction when state and federal claims are so closely related that resolving them in one forum promotes judicial economy, convenience, and fairness to the litigants. See *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Declining jurisdiction over state law claims in this instance would result in piecemeal litigation, forcing Plaintiff to pursue parallel actions in state and federal courts, thereby burdening judicial resources and creating unnecessary inefficiencies.

Additionally, the interests of fairness and consistency strongly support the exercise of supplemental jurisdiction. The resolution of Plaintiff's state law claims will likely depend on many of the same factual findings and legal determinations relevant to his federal claims. Consolidating these claims within a single proceeding ensures that they are adjudicated comprehensively and avoids the risk of inconsistent outcomes.

Defendant's contention that jurisdiction should be declined is premature, as the federal claims remain intact at this stage of litigation. Courts have repeatedly recognized that supplemental jurisdiction is proper where federal claims survive a motion to dismiss, as is the case here. See *Felder v. Casey*, 487 U.S. 131, 151-52 (1988). Accordingly, this Court should retain jurisdiction over Plaintiff's state law claims.

**E. Defendant's Conduct Violates Title VII, ADA, and NFEPA**

**Hostile Work Environment**

Plaintiff asserts that Defendant fostered a hostile work environment through a pattern of pervasive discriminatory conduct that materially altered the conditions of his employment. The hostile work environment arose from unwarranted and targeted scrutiny, dissemination of defamatory statements to third parties, and unjustified restrictions imposed on Plaintiff's professional responsibilities. Such conduct, orchestrated by Defendant's agents, created an environment of isolation, fear, and humiliation, forcing Plaintiff to endure conditions that were intolerable and unlawfully motivated by discriminatory animus.

The legal standard for establishing a hostile work environment under Title VII and the Nebraska Fair Employment Practice Act (NFEPA) requires demonstrating that the workplace was permeated with discriminatory intimidation, ridicule, or insult that was sufficiently severe or pervasive to alter the conditions of the victim's employment. See *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Plaintiff's allegations meet and exceed this threshold by detailing specific instances of misconduct by Defendant's agents, including:

- **A. False and Defamatory Accusations:** Defendant's agents deliberately disseminated baseless claims about Plaintiff's professional conduct to third parties, including colleagues and supervisory personnel. These accusations, wholly unsupported by evidence, were designed to tarnish Plaintiff's reputation and undermine his standing within the workplace.

- **B. Targeted Scrutiny and Isolation:** Defendant's agents subjected Plaintiff to heightened surveillance and unwarranted restrictions on his interactions with colleagues and subordinates. These actions were arbitrary and discriminatory,

8

> serving no legitimate business purpose but rather reflecting a pretextual attempt to harass and demean Plaintiff.
>
> **C. Systematic Undermining of Plaintiff's Role:** Defendant imposed professional constraints and disseminated false information that not only damaged Plaintiff's reputation but also stripped him of essential responsibilities, thereby depriving him of equal opportunities and professional dignity.

The severity and pervasiveness of these actions culminated in a hostile work environment that adversely affected Plaintiff's ability to perform his job duties and undermined his physical and emotional well-being. Courts have long held that discriminatory conduct need not result in tangible economic harm to violate Title VII or the NFEPA; instead, it suffices if the conduct materially alters the terms and conditions of employment. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

Defendant's actions not only breached statutory prohibitions against discrimination but also contravened established workplace norms designed to protect employees from hostile treatment. Plaintiff's allegations, taken as true, provide a compelling basis for concluding that Defendant's conduct created an unlawfully hostile work environment in violation of Title VII and the NFEPA.

**Retaliation**

Plaintiff asserts that Defendant engaged in retaliatory conduct in direct violation of the anti-retaliation provisions set forth under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Specifically, Plaintiff alleges that Defendant's adverse actions, including heightened and unwarranted scrutiny,

defamatory accusations, and eventual termination, were a direct response to Plaintiff engaging in protected activity, such as opposing unlawful employment practices and filing formal complaints with the Equal Employment Opportunity Commission (EEOC). These retaliatory actions constitute unlawful conduct under 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 12203(a).

Under Title VII and the ADA, employers are prohibited from retaliating against employees who assert their rights under federal anti-discrimination laws. Retaliation occurs when an employer takes materially adverse actions against an employee that might dissuade a reasonable worker from making or supporting a charge of discrimination. See *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Plaintiff's allegations clearly demonstrate such materially adverse actions, as follows:

> A. **Heightened and Unwarranted Scrutiny**: Plaintiff was subjected to an intensified level of oversight and monitoring that was neither justified by his job performance nor applied to similarly situated employees. This unwarranted scrutiny created an oppressive work environment and served as a pretext for further retaliatory conduct.
>
> B. **Defamatory Statements and Professional Isolation**: Defendant's agents disseminated false and defamatory statements to third parties, including colleagues and supervisors, suggesting that Plaintiff had engaged in inappropriate conduct. These baseless accusations were intended to tarnish Plaintiff's reputation, isolate him professionally, and create an environment in which his termination would appear justified.

**C. Constructive Termination**: Defendant's actions culminated in Plaintiff's constructive termination, wherein the hostile and retaliatory work environment effectively forced Plaintiff to leave his position. Such conduct not only contravenes federal anti-retaliation laws but also violates public policy protections designed to safeguard employees from unlawful reprisals.

The anti-retaliation provisions of Title VII and the ADA are designed to ensure that employees can assert their rights without fear of retribution. Courts have consistently held that retaliatory acts, including those that create an intolerable work environment or result in termination, are actionable under these statutes. See *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (holding that retaliation provisions must be interpreted broadly to protect employees from all forms of reprisal).

Defendant's retaliatory conduct, as alleged by Plaintiff, exemplifies the type of unlawful behavior these statutes are intended to prevent. By subjecting Plaintiff to unwarranted scrutiny, disseminating false statements, and effectively forcing him out of his position, Defendant violated Plaintiff's federally protected rights. These allegations are not only plausible but compelling and warrant redress through this Court's continued jurisdiction over Plaintiff's claims.

**Defamation and Wrongful Termination**

Defendant's agents engaged in a calculated and malicious campaign to defame Plaintiff's professional reputation, which included disseminating false and defamatory statements regarding Plaintiff's conduct to third parties, including colleagues, supervisors, and external stakeholders. These statements, made with reckless disregard for their truth or falsity, accused Plaintiff of engaging in unprofessional and

improper behavior, imputing moral turpitude and undermining Plaintiff's standing within the workplace and broader professional community.

The dissemination of such defamatory statements constitutes defamation per se because they directly impugn Plaintiff's professional character and competence in his chosen field. Under common law, defamation per se encompasses statements that, by their very nature, harm a person's reputation in their profession or trade without requiring proof of specific damages. See *Restatement (Second) of Torts §570*; *Brown v. Maple Tree Homes, Inc.*, 588 N.W.2d 237, 241 (Neb. 1999). Defendant's statements satisfy this standard as they were explicitly intended to damage Plaintiff's reputation and render him unemployable in his field.

Moreover, these defamatory actions were not isolated incidents but rather part of a broader effort by Defendant to create a hostile and retaliatory work environment that culminated in Plaintiff's wrongful termination. Wrongful termination occurs when an employer's decision to terminate an employee violates public policy, including protections against retaliation, discrimination, and defamation. See *Jackson v. Morris Commc'ns Corp.*, 657 N.W.2d 634, 641 (Neb. 2003). By terminating Plaintiff under pretextual and defamatory circumstances, Defendant not only violated statutory prohibitions under Title VII, the ADA, and the NFEPA but also contravened Nebraska's public policy favoring fair and equitable treatment in the workplace.

Defendant's conduct caused Plaintiff significant harm, including reputational damage, emotional distress, and financial loss. The false and defamatory statements have tarnished Plaintiff's professional standing and created barriers to future employment opportunities. These harms are actionable under both common law and

statutory frameworks, and they further support Plaintiff's claim of wrongful termination as part of a coordinated and unlawful scheme to retaliate against him for engaging in protected activities and opposing discriminatory practices.

Plaintiff's allegations, when taken as true, establish a clear basis for relief under claims of defamation per se and wrongful termination in violation of public policy. Defendant's motion to dismiss these claims should therefore be denied, and the case should proceed to discovery to fully uncover the extent of Defendant's unlawful actions.

### F. Plaintiff Seeks Leave to File a Second Amended Complaint

Plaintiff unequivocally asserts his intention to file a Second Amended Complaint should this Court identify any deficiencies in the existing pleadings. Under Federal Rule of Civil Procedure 15(a)(2), courts are directed to grant leave to amend "when justice so requires," and such leave should be freely given to allow the merits of the case to be properly adjudicated. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendments are particularly appropriate in cases involving complex claims under federal and state anti-discrimination and employment laws, where procedural precision is critical to ensuring full access to justice. Courts have consistently recognized that the liberal policy favoring amendments promotes judicial efficiency and the equitable resolution of disputes. See *Forman v. Arnold*, 582 F.2d 444, 446 (8th Cir. 1978).

Here, Plaintiff's request for leave to amend is not made in bad faith, with undue delay, or for any dilatory purpose, but rather to ensure that all claims and allegations are presented with the requisite specificity and factual detail. Should the Court find any aspect of the pleadings insufficient, Plaintiff is fully prepared to address those

deficiencies through amendment. Allowing Plaintiff to file a Second Amended Complaint will further the interests of justice, promote judicial economy, and provide both parties with the opportunity to litigate this matter on its substantive merits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully and unequivocally requests that this Honorable Court deny Defendant's Motion to Dismiss in its entirety. Plaintiff has presented detailed, well-pleaded allegations supported by relevant legal standards and authority, all of which establish a plausible entitlement to relief under federal and state law. Defendant's arguments for dismissal fail to address the sufficiency of Plaintiff's claims and are premised on misinterpretations of controlling legal precedent.

The allegations contained in Plaintiff's Complaint and Amended Complaint, when accepted as true and viewed in the light most favorable to Plaintiff, clearly demonstrate that Defendant engaged in discriminatory, retaliatory, and defamatory conduct, culminating in Plaintiff's wrongful termination. These actions violate Title VII, the ADA, the NFEPA, and common law principles, and they demand a full and fair adjudication on the merits.

Alternatively, in the event the Court identifies any deficiencies in the pleadings, Plaintiff definitively seeks leave to file a Second Amended Complaint pursuant to Rule 15(a)(2). Leave to amend should be freely granted when justice so requires, particularly in cases involving significant claims of workplace discrimination, retaliation, and defamation. See Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff is prepared to address any perceived ambiguities or omissions to ensure that this case proceeds to discovery and is decided on its substantive merits.

14

Judicial economy, fairness, and the interests of justice strongly favor the denial of Defendant's Motion to Dismiss and the continuation of this case in its entirety. Accordingly, Plaintiff respectfully requests that this Court grant the relief sought herein and provide any additional relief it deems just and proper.

Respectfully Submitted By:

/s/ Terry Terrell Goins
Terry Terrell Goins
15937 Bancroft Court, Apt. 637
Omaha, Nebraska 68130
**Plaintiff,** *Pro Se*

Dated on this 10th day of January 2025.

## CERTIFICATE OF SERVICE

I, Terry Terrell Goins, *Pro Se* Plaintiff in the above-referenced matter, hereby certify that a true and correct copy of the foregoing Opposition to Defendant's Motion to Dismiss Plaintiff's

First Amended Complaint and Complaint was served upon all Interested Parties and Counsel of Record on or about this 10th day of January 2025.

/s/ Terry Terrell Goins
Terry Terrell Goins

Dated on this 10th day of January 2025.

16