IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRY TERELL GOINS, | |
| Plaintiff, | 8:23-CV-477 |
| vs. | |
| FATHER FLANAGAN'S BOYS' HOME, | MEMORANDUM AND ORDER |
| Defendant. | |

    This is an employment discrimination case. *See* filing 20 at 1. The *pro se* plaintiff, Terry Terell Goins, alleges the defendant, Father Flanagan's Boys' Home, discriminated and retaliated against him on the basis of his sex. *See* filing 20 at 9. This matter is before the Court on the defendant's motion to dismiss (filing 16), the plaintiff's motion for leave to file a second amended complaint (filing 21), and the defendant's motion to strike (filing 25) one of the plaintiff's briefs (filing 22). This case will be dismissed.

## I. STANDARD OF REVIEW

    A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss the Court must take all of the

factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The Court will liberally construe *pro se* complaints, and these litigants are held to a lesser pleading standard. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). If the essence of an allegation is discernible, although pleaded without "legal nicety," the Court will construe the complaint in a way that allows the claim to be evaluated within the proper legal framework. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). While the Court must accept as true all facts pleaded by the *pro se* party, and grant all reasonable inferences in their favor, *see Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. However, the Court may consider some materials that are part of the public record. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011). An EEOC charge of discrimination is part of the public record and may be considered on a motion to dismiss. *Id.* Additionally, the Court may consider a *pro se* party's amended pleadings as supplemental to, rather than as superseding, the original pleading. NECivR 15.1(b). In determining whether the plaintiff has stated a claim upon which relief may be granted, the Court may consider the facts in the original complaint, as well as any supplemental facts in subsequent amended complaints.

## II. BACKGROUND

The defendant hired the plaintiff as a "Family Teacher" in March 2020. Filing 20 at 7. His duties included "supervising and mentoring at-risk youth, ensuring their physical and emotional well-being, and maintaining the safety and security of campus facilities." Filing 20 at 7. He performed his duties without issue and without disciplinary action. Filing 20 at 7.

In September 2022, another employee reported that the plaintiff had an inappropriate relationship, or inappropriate boundaries, with a student who had previously been under his care. *See* filing 20 at 8; filing 1 at 4; filing 14 at 5. The plaintiff was unaware of these accusations until the student's mother spoke to him. *See* filing 1 at 4. The plaintiff denies having such a relationship, and he went to his supervisor for "clarification and redress." Filing 20 at 8. However, the defendant "issued a directive prohibiting the youth from communicating with Plaintiff under any circumstances." Filing 20 at 8. The plaintiff's interactions with the student were "closely monitored." Filing 20 at 8. Other staff members also "disseminated misinformation" about the plaintiff's relationship with the student.

The following is a timeline of events after the above allegations:

- December 2022: The plaintiff filed his first charge of discrimination with the Equal Employment Opportunity Commission and the Nebraska Equal Opportunity Commission. *See* filing 1 at 5-6.
- March 2023: The defendant terminated the plaintiff's employment. Filing 19-1 at 6.
- April 2023: The plaintiff filed his second charge of discrimination, including a claim for retaliation. Filing 19-1 at 6.
- September 2023: The plaintiff received his right-to-sue letter for

3

his first charge of discrimination from the EEOC. Filing 1 at 7.

- October 2023: The plaintiff filed this lawsuit. Filing 1.
- April 2024: The EEOC signed a right-to-sue letter for the second charge of discrimination. Filing 19-5 at 1.
- October 2024: The plaintiff amended his complaint to include claims for retaliation, and other federal and state law claims. *See* filing 14.

### III. MOTION TO STRIKE

The defendant moved to strike the plaintiff's brief in opposition to the motion to dismiss, filing 22, because the brief was untimely, and because the defendant suspects the plaintiff may have used generative artificial intelligence to cite to fictitious cases. *See* filing 26 at 1, 2.

"A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). The plaintiff has not shown good cause for his untimely brief, filed several months after the defendant's motion. Nevertheless, in light of the fact that the plaintiff is proceeding *pro se*, the Court will deny the defendant's motion to strike on this basis and has considered the plaintiff's tardy submissions. *See Garcia v. Bimbo Bakeries USA, Inc.*, No. 8:20-cv-232, 2022 WL 1462983, at *1 n.1 (D. Neb. May 6, 2022).

The defendant also argues that some of the cases cited by the plaintiff contain mismatched case names and case citations, and the defendant believes the plaintiff utilized generative artificial intelligence in drafting his brief. Generative artificial intelligence is known to result in the sort of fictional or "hallucinatory" citations the plaintiff provides. *See*, *e.g.*, *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 457 (S.D.N.Y. 2023). Further, the defendant points out

4

that the plaintiff has quoted language that does not appear in the case cited.

This Court's local rules permit the use of generative artificial intelligence programs, but all parties, including *pro se* parties, must certify "that to the extent such a program was used, a human signatory of the document verified the accuracy of all generated text, including all citations and legal authority," NECivR 7.1(d)(4)(B). The plaintiff's brief contains no such certification, nor does the plaintiff deny using artificial intelligence. *See* filing 27 at 9.

From the Court's review of the plaintiff's brief, *most* citations are not hallucinatory. But the plaintiff undeniably cites to cases that do not support the stated legal proposition. For example, the plaintiff asserts that "courts must 'accept all factual allegations in the complaint as true.'" Filing 22 at 3. He attributes the quoted language to *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The quote is a boilerplate recitation of the standard on a motion to dismiss, and any number of cases contain that exact language—but not *Braden*, the case to which the plaintiff attributed the quote.

The plaintiff characterizes the mismatched citations as "[t]ypographical errors or minor misstatements." Filing 27 at 9. That may be true for some of the mistakes—for example, the case *Foman v. Davis*, 371 U.S. 178 (1962) is correctly cited, and it immediately precedes a citation for the nonexistent "*Foman v. Arnold,*" which might be explained as a typographical error. *See* filing 22 at 13. But not all the mistakes are so innocent, such as the plaintiff's citation to the nonexistent "*Brown v. Maple Tree Homes, Inc.*," purported to be a Nebraska case, the citation to which directs to a Wisconsin Supreme Court decision. Filing 22 at 12. This mistake resembles the hallucinatory citations seen in other cases, and is a mistake the plaintiff had an obligation to correct before filing his brief. *See Strong v. Rushmore Loan Mgmt. Servs., LLC*, No. 8:24-cv-352, 2025 WL 100904, at *6 (D. Neb. Jan. 15, 2025).

5

The plaintiff also asserts that while the citations may be erroneous, the statements of law are not. The Court agrees that the plaintiff made no substantive misrepresentations of law, so striking the brief is not the appropriate remedy. *However,* the plaintiff should take notice of the fact that such conduct, if repeated, could subject him to sanctions, even as a *pro se* litigant. *See Ferris v. Amazon.com Servs., LLC*, No. 3:24-cv-304, 2025 WL 1122235, at *2 (N.D. Miss. Apr. 16, 2025); *Rubio v. D.C.*, No. 23-cv-719, 2024 WL 4957373, at *4 (D.D.C. Dec. 3, 2024); *Vargas v. Salazar*, No. 4:23-CV-4267, 2024 WL 4804091, at *3 (S.D. Tex. Nov. 1, 2024); *Martin v. Hawai'i*, No. 24-cv-294, 2024 WL 3877013, at *2 (D. Haw. Aug. 20, 2024).

## IV. MOTION TO DISMISS

### 1. DISABILITY AND AGE DISCRIMINATION

In his first and second amended complaints, the plaintiff asserts that he was discriminated against on the basis of a disability; that the defendant did not provide reasonable accommodations for his disability; and that the defendant retaliated against him in violation of the Americans with Disabilities Act. *See* filing 14 at 1; filing 20 at 2.

But the plaintiff has not alleged the existence of any disability, real or perceived, which might indicate he is protected by the ADA. *See Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370-71 (8th Cir. 2018). The plaintiff also did not check the box for disability discrimination in either of his charges of discrimination with the EEOC or the NEOC. *See* filing 1 at 5-6; filing 19-1 at 7. He therefore failed to administratively exhaust these claims, so they are subject to dismissal. *See* Neb. Rev. Stat. § 48-1118; *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944-45 (8th Cir. 2021). His various claims for discrimination, retaliation, or failure to accommodate on the basis of a disability are

6

summarily dismissed.[1]

To the extent the plaintiff asserted a claim for age discrimination, *see* filing 14 at 1, this claim will also be summarily dismissed. Like the disability claim, this claim was not administratively exhausted. *See* filing 1 at 5-6; filing 19-1 at 7; *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F. 3d 911, 919-20 (8th Cir. 2018). Nor do any pled facts support that the defendant took this action because of his age.

## 2. RETALIATION

Title VII prohibits employers from retaliating against an employee who engaged in a protected activity. *E.g., Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002). The plaintiff filed a charge of discrimination against the defendant in 2022, which is a protected action under Title VII. *See* 42 U.S.C. § 12203(a). He was subsequently terminated. But the plaintiff's retaliation claims are time-barred.

Federal regulations require that civil actions must be filed no later than 90 days after receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e). A plaintiff must file a separate charge of discrimination for each discrete employment action. *See Moses*, 894 F.3d at 920. While harassment

---

[1] The plaintiff appears to assert that the defendant violated the ADA by retaliating against him for filing a Title VII complaint. *See* filing 22 at 10. The ADA did not create a stand-alone provision barring retaliation for reporting *any* perceived wrong; it merely makes it unlawful to retaliate against an individual who "opposed any act or practice made unlawful" *by the ADA*—that is, discrimination on the basis of a disability. *See* § 12203(a). The plaintiff has not alleged that he was discriminated against on the basis of a disability or that he reported any conduct made unlawful by the ADA, and so he has not stated any claim, for retaliation or otherwise, under the ADA.

7

(actionable as a hostile work environment) is considered a "continuing violation," a termination, or a constructive discharge, is a discrete act, and cannot be reasonably expected to result from a charge of discrimination based on a hostile work environment. *See id.; Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 469 (8th Cir. 2022).

While the plaintiff timely filed his lawsuit regarding his *first* charge of discrimination, *see* filing 1 at 5-6, his lawsuit involving the *second* charge of discrimination, filing 14, was filed more than 200 days after the EEOC issued its right-to-sue letter. *See* filing 19-5 at 1. The plaintiff amended his complaint to include claims for retaliation and constructive discharge more than 200 days after the EEOC issued its right-to-sue letter. He therefore failed to comply with the 90-day deadline imposed by federal law.

The plaintiff's earlier timely-filed lawsuit based on his first charge of discrimination cannot save his untimely amended complaint related to his claims for a retaliatory termination. *See Moses*, 894 F.3d at 920; *Slayden*, 53 F.4th at 469. Any claims arising out of his second charge of discrimination are therefore dismissed as untimely.[2]

### 3. PROCEDURAL DUE PROCESS

In his second amended complaint, the plaintiff asserts the defendant violated his constitutional procedural due process rights. *See* filing 20 at 36. To state such a claim, a plaintiff must allege that *the government* deprived him of some "life, liberty, or property" interest, without sufficient process. *E.g., Krentz*

---

[2] The plaintiff also appears to assert he was subjected to a retaliatory hostile work environment after filing his charge of discrimination. *See* filing 20 at 20, 27. The plaintiff's hostile work environment claim, discussed *infra*, is not time-barred, but his *retaliatory* hostile work environment claim, to the extent he pled one, is dismissed as untimely.

*v. Robertson*, 228 F.3d 897, 902 (8th Cir. 2000). Except in limited circumstances not present here, *see Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019), private entities like the defendant are not state actors and are not subject to the due process requirements of the Constitution. U.S. Const. amend. V; *Mathura v. Council for Human Servs. Home Care Servs., Inc.*, 107 F.3d 3 (2nd Cir. 1997); *Hudson v. Wilford*, No. 16-cv-58, 2016 WL 11486907, at *5-6 (D. Minn. May 11, 2016).

To the extent the plaintiff alleges he was terminated contrary to the procedures promised by unspecified "internal policies" or "employee handbooks," *see* filing 20 at 36, any remedy lies in state, not federal, law. *See, e.g., Goff-Hamel v. Obstetricians & Gynecologists, P.C.*, 588 N.W.2d 798, 801 (Neb. 1999); *Hillie v. Mutual of Omaha Insurance Company*, 512 N.W.2d 358 (Neb. 1994). The plaintiff has failed to state a claim for any violation of his federal constitutional rights.

### 4. TITLE VII

The only federal claim remaining is the plaintiff's Title VII sex discrimination claims. The plaintiff alleges he was discriminated against on the basis of his sex, and he appears to allege several adverse employment actions: "false accusations, undue scrutiny, and restrictions that were not imposed on similarly situated employees who were of a different sex." Filing 14 at 9-10; *see also* filing 20 at 11. The Court will construe the plaintiff's complaints as alleging that he was subject to a hostile work environment, which is an adverse employment action. *See, e.g., Bush v. Duncan Aviation, Inc.*, No. 4:24-cv-3057, 2025 WL 1068077, at *3 (D. Neb. Apr. 9, 2025).

But anti-discrimination laws do not prohibit all verbal or physical harassment and do not create a "general civility code." *See, e.g., Sellars v.*

*CRST Expedited, Inc.*, 13 F.4th 681, 701 (8th Cir. 2021); *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 721 (8th Cir. 2003). At the pleading stage, the Court must determine whether the alleged harassment is "severe or pervasive enough to create an objectively hostile or abusive work environment." *See Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). The Court must consider the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or merely an offensive utterance, and whether the conduct unreasonably interfered with the employe's work performance. *Stewart v. Rise, Inc.*, 791 F.3d 849, 860 (8th Cir. 2015).

The plaintiff alleges that he was "closely monitored" and was "not allowed" to interact with one student. *See* filing 14 at 9. He also alleges his coworkers made false statements about him. While he alleged he was subject to "unwarranted restrictions," *see* filing 14 at 9, the only specific "restriction" alleged is that the defendant "scrutinized" his relationship with one particular student.

Regarding the alleged false statements, the plaintiff has not alleged with any particularity who made defamatory comments, who they were made to, when they occurred, or how often they occurred. There simply is not enough, even in 86 pages of pleadings (filing 1; filing 14; filing 20), to support an inference that the plaintiff was subjected to a hostile work environment that affected an identifiable term or condition of his employment. *See Muldrow v. City of St. Louis*, 601 U.S. 346, 354-55 (2024).

The plaintiff argues that his pleadings "outlined a sustained campaign of harassment" and "describe[d] specific incidents where he was publicly humiliated by superiors," filing 27 at 3, but the Court is unable to find any such pled "specific incidents" in any of the plaintiff's complaints. Rather, the

10

pleadings contain unadorned accusations—that his "professional reputation" suffered, filing 20 at 8, and that he was publicly stigmatized and subject to "unwarranted restrictions," *see* filing 20 at 40—that are too vague to state a claim. *See Iqbal,* 556 U.S. at 678. Again, the complaint does not explain *when* these incidents occurred, or how often, or who was involved, or what, specifically, was said or done.

The plaintiff alleged that his "job performance remained exemplary" through the period the alleged harassment took place. Filing 20 at 9. This negates any inference that the harassment interfered with the plaintiff's job. *See Stewart,* 791 F.3d at 860. The plaintiff's coworkers' comments may have been rude or even offensive, but they were not so severe or pervasive as to state a claim for a hostile work environment. Generally speaking, co-worker ostracism and gossip are not actionable under Title VII. *See Franken v. McCarthy*, No. 2:19-cv-2172, 2020 WL 2615021, at *3 (E.D. Cali. May 22, 2020) (collecting cases); *accord Anda v. Wickes Furniture Co.*, 517 F.3d 526, 532 (8th Cir. 2008).

The plaintiff has not alleged any conduct that constitutes direct discrimination, such as coworkers or supervisors making disparaging comments about men. To plead a claim for sex discrimination, a plaintiff must assert facts that plausibly show the defendant "manifested bias relevant to" some alleged adverse employment action. *Warmington v. Bd. of Regents of Univ. of Minn.,* 455 F. Supp. 3d 871, 882 (D. Minn. 2020) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 343 (2013)).

While the plaintiff alleges he was subject to restrictions not imposed on other employees, he has not alleged that women were treated better than men, or that those restrictions were imposed because of his sex. *See id.* Based on the facts in the complaints, an employee reported that the plaintiff had

11

inappropriate boundaries with a student, and the defendant responded to that report. This is insufficient to support an inference that the defendant's conduct was motivated by some unlawful bias against men.

## V. AMENDED COMPLAINT

The Court has thoroughly considered the facts in the plaintiff's second amended complaint. That pleading fails to state a claim upon which relief can be granted, so the plaintiff's motion for leave to file a second amended complaint (filing 21) will be denied as futile. *See Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). The plaintiff appears to request another chance to amend his pleading: "Should the Court find any aspect of the pleadings insufficient, Plaintiff is fully prepared to address those deficiencies through amendment." Filing 22 at 13-14; *see also* filing 27 at 10 (requesting leave to "Supplement or Clarify If Necessary").

District courts in the Eighth Circuit, including this district, have criticized "shotgun" complaints where a plaintiff brings every conceivable claim. *Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011); *Harrington v. Strong*, 363 F. Supp. 3d 984, 993 n.5 (D. Neb. 2019). It is the plaintiff's obligation, under Rules 8 and 11, to reasonably investigate his claims, plead only colorable claims, and plead those claims concisely and clearly so that a defendant can readily respond to them and the Court can readily resolve them. *See Gurman*, 842 F. Supp. 2d at 1153. The plaintiff has "essentially coughed up an unsightly hairball of factual and legal allegations," leaving the defendant and the Court to sort out whether any of his claims are viable. *Id.*

Overall, the facts in each complaint remain largely unchanged. *Compare* filing 20 at 7-10, *with* filing 14 at 7-11. The plaintiff added and removed various

12

theories of recovery. But it is the well-pleaded facts, not legal theories or conclusions, that determine the adequacy of the complaint. *Mickelson v. Cnty. of Ramsey,* 823 F.3d 918, 923 (8th Cir. 2016). The plaintiff has already had three bites at the apple and has been unable to muster *specific* allegations about the defendant's alleged misconduct. His unadorned assertions that he was scrutinized, monitored, and defamed are too vague to state a claim. The Court is not persuaded that justice requires yet another opportunity for the plaintiff to amend his complaint, given the significant deficiencies discussed above. *See* Fed. R. Civ. P. 15(a)(2); *Wilburn v. Pepsi-Cola Bottling Co.,* 492 F.2d 1288, 1290 (8th Cir. 1974); *Foman v. Davis,* 371 U.S. 178, 182 (1962). The plaintiff's requests to "supplement or clarify," or file an additional amended complaint, are denied.

## VI. CONCLUSION

The plaintiff asserts the defendant denied him an opportunity to respond to false accusations about his relationship with a student, and he was treated unfairly because of those accusations. However, he has not alleged any facts that support an inference that the defendant was motivated by discriminatory bias based on the plaintiff's membership in some protected class. Therefore, he has not stated a claim for a discrimination under any federal employment law.

The Court *may* continue to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(a) and (c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-40 (2009). But the Court has "broad discretion in determining whether to exercise supplemental jurisdiction[,]" *Crest Const. II, Inv. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011), and "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

13

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Jones v. Faulkner Cnty., Arkansas*, 131 F.4th 869, 876 (8th Cir. 2025). The Court finds no factor that distinguishes this case from the usual case. *See id*. Therefore, the plaintiff's complaint will be dismissed in its entirety.

IT IS ORDERED:

1. The defendant's motion to strike (filing 25) is denied.

2. The plaintiff's motion for leave to file a second amended complaint (filing 21) is denied.

3. The defendant's motion to dismiss (filing 16) is granted.

4. A separate judgment will be entered.

Dated this 5th day of June, 2025.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Judge